UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE SAWYERS, individually, on behalf of other similarly situated consumers,<br>   Plaintiff,<br> vs.<br><br><br>PENN CREDIT CORPORATION,<br>   Defendant. | ) Case No.:<br>)<br>)<br>)<br>) COMPLAINT<br>) --CLASS ACTION<br>)<br>)<br>) |

Plaintiff, Stephanie Sawyers alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C §1191(b).

## PARTIES

4. Plaintiff, Stephanie Sawyers, is a natural person, whom resides in Coatesville, Pennsylvania.

5. Defendant, Penn Credit Corporation ("Penn Credit"), is a corporation that regularly conducts business in Pennsylvania with its corporate headquarters located at 2800 Commerce Drive, Harrisburg, Pennsylvania 17110. Defendant is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6. On or about August 03, 2020, in attempt to collect a consumer debt, allegedly due and owing, Defendant sent Plaintiff an initial dunning letter, attached hereto as Exhibit A.

7. The letter, at the top left, contains Defendant's address of 2800 Commerce Drive, Harrisburg, Pennsylvania, 17110.

8. The bottom of the letter contains a detachable coupon with a P.O. Box in Oaks, Pennsylvania on the left, a spot for a consumer's credit card information on the right, then below that Plaintiff's address on the left, and a Harrisburg P.O. box on the bottom right.

9. The letter did not specify to which address payment should be made or to which address a dispute should be sent.

10. Specifically, the coupon contains three different addresses, one of which is Plaintiff's, while the top of the letter contains yet another address for Defendant.

11. The letter does not provide further instruction on which address to use.

12. As such, the letter is open to more than one reasonable interpretation by a consumer of any level of sophistication about which address should be used to send a payment or any other communication, such as a dispute.

13. This is material because a consumer only has a thirty-day window to dispute the debt and may send his dispute to the wrong address, thereby potentially missing his opportunity to dispute if it is sent to the wrong address. Further, if a consumer sends a payment to the wrong address, it may be returned, or the consumer may be hit with late fees, or the consumer may further prolong their goal of paying off the debt.

14. Further, the letter in question was not actually sent by Defendant but a third party mail vendor.

15. While utilizing this third party, Defendant disclosed Plaintiff's personal information, including the existence of Plaintiff's outstanding debt obligation, to a third party in violation of the FDCPA.

## CLASS ACTION ALLEGATIONS

### The Class

16. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated who have received similar debt collection notices and/or communications from Defendant which, as alleged herein, are in violation of the FDCPA.

17. This claim is brought on behalf of the following classes:

**Address Class**:

> All consumers within the State of Pennsylvania; (b) to whom Defendant has mailed the same form letter as Exhibit A (c) for debts incurred through personal, household, or familial use, and (d) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

**Letter Vendor Class:**

> All consumers within the State of Pennsylvania; (b) to whom Defendant utilized a mail vendor to send mail to consumers (c) for debts incurred through personal, household, or familial use, and (d) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

18. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

19. Upon information and belief, Defendant has made similar collection attempts to over forty (40) consumers throughout the State of Pennsylvania, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

20. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

21. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

22. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

23. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are

typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

24. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

25. Neither the Plaintiff nor Plaintiff's counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

26. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

27. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

28. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

29. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said letters violate the FDCPA is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

30. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class

predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

32. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

33. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendants to further enjoy the benefit of their ill-gotten gains.

34. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

35. Plaintiff repeats, re-alleges, and re-asserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

36. Defendant's actions are in violation of 15 U.S.C. §§ 1692e and 1692e(10). 1692c(b) and 15 U.S.C. § 1692g.

WHEREFORE, Plaintiff, Stephanie Sawyers, respectfully requests that this Court do the following for the benefit of Plaintiff:

a. Enter an Order declaring Defendant's actions, as described above, in violation of the FDCPA;

b. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

c. Enter a judgment against Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k;

d. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

e. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated this 3rd day of August, 2021.

Respectfully Submitted,

/s/ Nicholas Linker
Nicholas Linker, Esq. ID# 321521
**Zemel Law LLC**
660 Broadway
Paterson, New Jersey 07514
(P) (862) 227-3106
nl@zemellawllc.com